IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| EVERETT MARK BRYANT | § | |
| v. | § | CIVIL ACTION NO. 2:08cv212 |
| DIRECTOR, TDCJ-CID | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT**

The Petitioner Everett Bryant, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Bryant complains of his conviction for aggravated robbery, for which he received a sentence of 75 years in prison and a $10,000.00 fine. He raised six grounds for relief in his federal habeas corpus petition, including: (1) the trial court abused its discretion in that the trial judge left the courtroom while the trial was still in progress, without recessing the case; (2) Bryant wrote a letter to the judge prior to trial alleging a potential conflict of interest with his attorney, but the judge failed to look into the claim; (3) the prosecution allowed an "irreparable misidentification" into evidence from the State's primary witness; (4) the evidence was insufficient to prove guilt beyond a reasonable doubt; (5) counsel was ineffective and failed to present a complete defense because he never investigated the case prior to announcing ready for trial; and (6) the State enhanced the punishment and gave Bryant 75 years in prison when the enhancement was not alleged in the

indictment or presented to the grand jury. The Magistrate Judge ordered the Respondent to answer and received copies of the state court records. Bryant filed a response to the answer.

After review of the pleadings and records, the Magistrate Judge issued a Report recommending that the petition be denied. Bryant has filed objections to the Magistrate Judge's Report.

In his objections, Bryant complains first that the trial judge erred by not holding a hearing concerning the fact that the prosecutor whispered into the ear of the witness at a time when the judge had to leave the room. As the Magistrate Judge made clear, however, the trial court heard statements from defense counsel and the prosecutor upon returning to court, and instructed the jurors to disregard anything they may have heard during the recess. Bryant states that the jurors seeing the prosecutor whisper to the witness "caused substantial and injurious effect and there is a reasonable probability that the verdict would have been different had the trial been conducted properly," but offers no facts in support of this assumption, nor anything to show that the state court's rejection of this claim was contrary to or involved an unreasonable determination of clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. His objections on this point are without merit.

Second, Bryant wrote a letter to the trial judge asking that counsel, Steven Simmons, be removed based on a "conflict of interest." The Magistrate Judge determined that Bryant "wholly failed to show adequate reasons for removing Simmons from his case, nor that any conflict of interest existed." In his objections, Bryant complains that the Magistrate Judge should not have analyzed his letter under the conflict of interest standards, but under the standards of ineffective assistance of counsel for failure to investigate or communicate. In his petition, Bryant expressly couched this claim in terms of a conflict of interest. The Magistrate Judge did not err in addressing the claim which Bryant specifically raised; in addition, Bryant has not shown that he would be entitled to relief had the Magistrate Judge analyzed his claim as simple ineffective assistance of counsel rather than as a conflict of interest. Bryant's objection on this point is without merit.

Third, Bryant invokes the fact that a number of other persons around the country have been declared innocent despite have been identified by eyewitnesses, and says that the pertinent inquiry in his case was whether the photographs used were so dissimilar as to be suggestive. An objection on this point was raised at trial, but was denied by the trial court. The witness selected Bryant out of a photographic lineup, and the evidence showed that she was able to see the eyes, mouth, and hair of the robber through the sack that he was wearing on his head. The Magistrate Judge correctly analyzed the facts under the standard set out by the Fifth Circuit in *U.S. v. Burbridge*, 252 F.3d 775, 780 (5th Cir. 2001) and determined that Bryant had failed to show that the identification procedures were so impermissibly suggestive as to be unconstitutional. Although Bryant relies on other cases in he says that eyewitness identification proved faulty, he fails to show that such identification was necessarily faulty in his case as well. His objection on this point is without merit.

Fourth, Bryant says that he objects to the Magistrate Judge's findings regarding the sufficiency of the evidence, but offers no facts or argument in support thereof; he simply says that he objects. This objection is without merit.

Next, Bryant says that the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984) should not be mandatory and the district court should have discretion in applying the first prong or both prongs. He cites *Pearson v. Callahan*, 129 S.Ct. 808 (2009), but this case refers to the two-prong test for qualified immunity, not ineffective assistance of counsel; Pearson states that while a two-prong test for determining ineffectiveness claims was set out by *Strickland*, that case left the order of decision to the discretion of the district courts. In other words, the district courts do not have discretion in applying the prongs of *Strickland*, but only in the order in which these prongs are applied. This objection is without merit.

Bryant also says that counsel admitted that he had not viewed the "actual evidence," but had only looked at photographs provided by the prosecution. At trial, a police officer testified that when Bryant was arrested, he was carrying $279.00 in cash and that he had a social security card and a "criminal justice offender card." Simmons objected on the ground that there was no mention of a

criminal justice ID card in the report and that this information had not been provided in discovery, and that the officer had just told the jury that Bryant had prior convictions. The prosecutor responded that Simmons had had an opportunity to come and view the evidence but had not done so; Simmons said that he had not been provided with the physical evidence but only photographs of the evidence, and the ID card was not in the photographs.

The Magistrate Judge said that even if Simmons had viewed the physical evidence and learned that Bryant had a criminal justice ID card, there was no showing how this would have altered the outcome of the trial. In his objections, Bryant says that counsel failed to investigate, as required by the first prong of Strickland, and that the inquiry should end there. As the Magistrate Judge pointed out, however, *Strickland* requires a showing that counsel's representation fell below objective standards of reasonableness, *and* that the deficient performance prejudiced the defense. Both prongs must be met or the petitioner is not entitled to relief. *Lavernia v. Lynaugh*, 845 F.2d 493, 499 (5th Cir. 1988). Bryant failed to show how counsel's alleged failure to investigate prejudiced the defense, and so he did not meet the second prong of *Strickland*. His objection on this point is without merit.

Finally, Bryant says that he objects to the Magistrate Judge's conclusion concerning the use of an allegedly improper enhancement paragraph, but again fails to offer any specific facts or arguments concerning this issue. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Everett Bryant is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

SIGNED this 24th day of January, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE